# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JUSTIN SHANE STATON
ADC #163883                                                                                          PLAINITFF

V.                              NO. 4:23-cv-00422-LPR-ERE

JEREMY WILLIAMS,[1] *et al.*                                                                DEFENDANTS

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Your objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.  Background

*Pro se* plaintiff Justin Shane Staton, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Docs. 1, 11,13*. Mr. Staton alleges that, on May 6, 2021, while he was incarcerated at the

---

[1] The Clerk is instructed to update the docket sheet to reflect the full names of Defendants Williams and Wren - Jeremy Williams and Carlisia Wren. *Doc. 17*.

Tucker Unit, Defendants Sergeant Jeremy Williams, Corporal Carlisia Wren, Warden Chris Budnik, Assistant Warden Antonio Emsweller, and Chief of Security Adam Clark failed to protect him from an inmate attack.

Defendants have filed a motion for summary judgment, a supporting brief, and a statement of facts arguing that Mr. Staton failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 32, 33, 34*. Mr. Staton has now responded to Defendants' motion (*Docs. 39, 40*), and the motion is ripe for review.

For the reasons stated below, Defendants' motion for summary judgment (*Doc. 32*) should be granted.

### III. Discussion

#### A.   The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available

administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). By law, Mr. Staton had to follow the ADC's requirements for raising and exhausting his pending claims before bringing this action.[2]

### B. The ADC Grievance Procedure

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 32-1*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

To complete the exhaustion process before bringing this lawsuit, Mr. Staton was required to present his claims against all Defendants in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

### C. Mr. Staton's Grievance History

Defendants submit the declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor, in support of their motion. *Doc. 32-3*. Ms. Grigsby-Brown states that, based on a review of Mr. Staton's grievance history, she found two grievances relevant to the claims raised in this lawsuit, TU-21-396 and TU-21-491. *Id. at 7*. Mr. Staton does not dispute that these are the only potentially relevant

grievances, but argues these grievances were sufficient to exhaust his administrative remedies. *Doc. 40 at 4*.

On June 25, 2021, Mr. Staton submitted grievance TU-21-396. *Doc. 32-4 at 4*. In that grievance, Mr. Staton complains that unidentified ADC officials failed to protect him from an inmate attack that occurred on June 25, 2021. *Id*. The Warden rejected that grievance as untimely. *Id. at 5*. Mr. Staton appealed the Warden's decision to the Deputy Director. The Deputy Director also rejected Mr. Staton's appeal as untimely. *Id. at 6*. Although the Court has concerns as to why ADC officials rejected grievance TU-21-396 as untimely because Mr. Staton submitted grievance the same day as the alleged incident, Mr. Staton does not reference the May 6, 2021 inmate attack in grievance TU-21-396, nor does he specifically identify any named Defendant in that grievance. Accordingly, Mr. Staton did not fully exhaust any claim raised in this lawsuit against any Defendant in grievance TU-21-396.[3]

On August 31, 2021, Mr. Staton submitted grievance TU-21-491. *Doc. 32-5 at 2*. In that grievance, Mr. Staton complains that an inmate identified as a "Neo Nazi" assaulted him on June 25, 2021. *Id*. The Warden found Mr. Staton's grievance

---

[3] If Mr. Staton mistakenly stated that this incident occurred on June 25, 2021, in grievance TU-21-396, rather than May 6, 2021, as alleged in his complaints, ADC officials correctly rejected Mr. Staton's grievance as untimely. As previously explained, the ADC inmate grievance procedure requires inmates to file a grievance within 15 days of the underlying incident. *Doc. 32-1 at 6*.

without merit. *Id. at 1*. Mr. Staton did not appeal the Warden's decision to the Deputy Director. *Id.* Accordingly, Mr. Staton did not fully exhaust any claim raised in this lawsuit against any Defendant in grievance TU-21-491.

Despite Mr. Staton's unsubstantiated allegations that he fully exhausted his administrative remedies with regard to the claims raised in this lawsuit, on this record, there is no genuine issue of material fact regarding Mr. Staton's failure to exhaust his administrative remedies as to those claims. Accordingly, Defendants are entitled to judgment as a matter of law.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 32*) be GRANTED.

2. Mr. Staton's claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

DATED 30 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE